UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 :
YUET NGOR CHEUNG DE WONG,           :
 :
                           Plaintiff,  :
 :      23-CV-8666 (VSB)
            -against-          :
 :      **OPINION & ORDER**
LAURINE LU CHENG and ALTICE USA,  :
INC.,  :
 :
                        Defendants.  :
 :
------------------------------------------------------------X

Appearances:

Jordan Gottheim
L&C Associates, P.C.
Brooklyn, NY
*Counsel for Plaintiff*

Richard Roman Shum
Law Office of Richard Roman Shum, Esq., PLLC
New York, NY
*Counsel for Defendant Laurine Lu Cheng*

Michael E. Holzapfel
Jackson Lewis P.C.
Tinton Falls, NJ

Sung Cheol Sam Park
Jackson Lewis P.C.
Chicago, IL

Jaime Sanchez
Jackson Lewis P.C.
Melville, NY
*Counsel for Defendant Altice USA, Inc.*

1


<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me is a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant Altice USA Inc. ("Altice") on November 14, 2023. Because I conclude that I lack subject-matter jurisdiction over the claims brought by Plaintiff Yuet Ngor Cheung De Wong ("Wong"), this suit is REMANDED to the Supreme Court of the State New York, County of New York.

I.      **Factual Background & Procedural History**

Wong alleges that her son, Aquilino Wong (the "Decedent"), participated in Altice's employee-benefits plan (the "Plan"), which provides death benefits to named beneficiaries through The Lincoln National Life Insurance Company ("Lincoln"). (Doc. 1, Exhibit ("Ex.") A ("Complaint" or "Compl.") ¶ 13.) In September 2021, the Decedent named Wong and his girlfriend, Defendant Laurine Lu Cheng ("Cheng"), as fifty-percent beneficiaries of his life-insurance benefits. (*Id.* ¶ 22.) At some point in 2022, the Decedent removed Wong as a beneficiary, increased Cheng's share of the death benefit to 80%, and named a third individual—who is not a party to this suit—as the beneficiary of the remaining 20% of the death benefit. (*Id.* ¶ 25.) Later in 2022, the Decedent again changed his beneficiary designations, this time naming Cheng as the sole beneficiary. (*Id.*)

The Decedent died in March 2023. (*Id.* ¶ 32.) Shortly after the Decedent's death, Wong contacted Altice to collect her share of the death benefit, whereupon she discovered that she was no longer among the named beneficiaries. (*Id.* ¶ 33.)

Wong initiated a lawsuit against Altice, Lincoln, and Cheng (collectively, the "Defendants") on August 25, 2023 in the Supreme Court of the State of New York. (Doc. 1.) The state-court complaint included five causes of action: conversion against Cheng (Count 1);

unjust enrichment against Cheng (Count 2); breach of contract against Altice (Count 3); breach of contract against Lincoln (Count 4); and a declaratory judgment against all Defendants that Wong is entitled to collect 50% of the death benefit (Count 5). (*Id.* ¶¶ 35–55.)

On October 3, 2023, Altice removed the case to federal court, and the case was assigned to me. (Doc. 1.) After I granted Altice and Lincoln an extension of time to respond to Wong's complaint, they each filed separate motions to dismiss. (Docs. 15–16.) Wong subsequently voluntarily dismissed Lincoln from the case. (Doc. 26.) Meanwhile, Wong moved for default judgment against Cheng—who, at the time, had not appeared in this case—pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (Doc. 42.) I denied Wong's motion for default because her claim for damages is not for a "sum certain." (Text Order of Jan. 4, 2024.) On January 11, 2024, Wong filed a letter asking me to reconsider that decision. (Doc. 49.)

On January 12, 2024, counsel to Cheng filed a notice of appearance. (Doc. 50.) Three weeks later, Cheng filed an answer, which asserted a counterclaim against Wong for legal fees and costs. (Doc. 51 ¶¶ 12–15.) Wong filed her answer to the counterclaim on February 15, 2024. (Doc. 52.)

## II. Legal Standard

I begin, as I must, with the question of subject-matter jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove an action from state to federal court where the case would fall within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). One category of cases over which the district courts have original jurisdiction are "federal question" cases—namely, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. v. Taylor*, 481

U.S. 58, 63 (1987). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64. In *Metropolitan Life Insurance Co. v. Taylor*, the Supreme Court held that causes of action within the scope of ERISA's civil-enforcement provision—Section 502(a)—are removable to federal court on the basis of complete preemption. *Id.* at 65–66.

### III.   Discussion

To determine whether a state-court complaint falls within the scope of ERISA's civil-enforcement provision, I must first consider whether it was brought by "an individual who at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011) (internal quotation marks and alterations omitted). In other words, someone with "standing to assert rights under ERISA § 502(a)(1)(B)." *Id.* at 328 n.7.

Here, Wong does not have standing to sue under ERISA. Under Section 502, only plan participants and beneficiaries have standing to sue. *See Simon v. Gen. Elec. Co.*, 263 F.3d 176, 177 (2d Cir. 2001) ("Section 502(a)(1)(B) of ERISA authorizes health plan participants and beneficiaries to bring civil enforcement actions to recover plan benefits."). ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(2)(8). The Plan, in turn, required the Decedent to "name a beneficiary to whom the insurance benefits . . . are payable." (Doc. 1, Ex. C § 7.) Once a beneficiary was named, the Plan allowed the Decedent to change his beneficiary designation "at any time by written request." (*Id.*)

Wong alleges that she was a beneficiary of the Decedent's Plan such that she was entitled to half the benefits thereunder. I disagree. Although Wong was named as a fifty-percent beneficiary of the Plan in September 2021, the Complaint admits that the Decedent subsequently removed her as a beneficiary and named Cheng as the sole beneficiary in her place. (Compl. ¶ 25.) Consistent with this beneficiary designation, Lincoln paid the entirety of the death benefit to Cheng. (Compl. ¶ 34.) These allegations are fatal to Wong's standing to sue under ERISA. *See, e.g.*, *In re Hendricks*, No. 20-CV-935, 2020 WL 9439374, at *4–6 (M.D. Fla. Nov. 2, 2020) (dismissing ERISA claim and remanding case back to state court where the plaintiffs were removed as the primary beneficiaries prior to the decedent's death); *Harlan v. Harlan*, No. 18-CV-06883, 2019 WL 3387140, at *3–4 (W.D.N.Y. July 26, 2019) (dismissing ERISA claim brought by the decedent's ex-wife because the amended complaint "unequivocally states that [the decedent] named his girlfriend as his sole beneficiary under the policy" (internal quotation marks omitted)); *Smith v. Stockwell Const. Co.*, No. 10-CV-608S, 2014 WL 459888, at *3–4 (W.D.N.Y. Feb. 5, 2014) (concluding that the plaintiff "has no right to [her now-deceased ex-husband's] benefits" because her "status as a beneficiary was revoked"); *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, No. 12-2773, 2013 WL 6709550, at *2 (D. Kan. Dec. 18, 2013) (dismissing ERISA claim because the plaintiff lacked standing since he was no longer a beneficiary at the time of the decedent's death); *see also Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1007 (11th Cir. 2018) ("This court likewise holds as mandated by the Supreme Court in *Kennedy* [*v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009),] that a party who is not a named beneficiary of an ERISA plan may not sue the plan for any plan benefits.").

Although the Complaint alleges that Wong was removed as a beneficiary because of undue influence by Cheng, Wong fails to allege facts demonstrating that Altice's limited involvement in the Decedent's election to change his beneficiaries amounts to an ERISA violation. *See, e.g.*, *In re Hendricks*, 2020 WL 9439374, at *4 (allegations that employer and plan administrator "did not follow Plan procedures" when the plan participant's beneficiaries were changed did not confer ERISA standing to former beneficiary); *Yarbary*, 2013 WL 6709550, at *2 (allegations that plan participant's beneficiary designations were fraudulently changed did not confer ERISA standing to former beneficiary). Moreover, the issue of whether Altice acted improperly—which goes to the merits of the suit—can be answered only after I assure myself that Wong has standing to sue in this Court. As explained above, because Wong was not a beneficiary under the Decedent's Plan at the time of the Decedent's death, she lacks standing to sue under ERISA. Accordingly, her state-law claims are not completely preempted.

In light of this conclusion, I lack federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Having dismissed the only potential federal claim, and there being no other apparent source of original subject-matter jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state-law causes of action. *See Shuriz Hishmeh M.D. v. Empire Healthchoice HMO, Inc.*, No. 16-CV-2780, 2017 WL 663543, at *6 (E.D.N.Y. Feb. 17, 2017) (declining to exercise supplemental jurisdiction over plaintiff's state-law claims where parties were not diverse, plaintiff lacked standing to sue under ERISA, and state claims were not preempted by ERISA); *Am. Psychiatric Assoc. v. Anthem Health Plans*, 50 F. Supp. 3d 157, 170 & n.13 (D. Conn. 2014) (declining to exercise supplemental jurisdiction over plaintiff's state-law claims

where plaintiff lacked standing to sue under ERISA, and permitting plaintiff to pursue non-preempted state claims in state court).[1]

### IV. Conclusion

For these reasons, the Clerk of Court is respectfully directed to terminate the motion pending at Doc. 15 and remand this action to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated:   April 4, 2024
         New York, New York

Vernon S. Broderick
United States District Judge

---

[1] Because I lack subject-matter jurisdiction over this case, I must remand it without deciding Wong's letter motion for reconsideration at Doc. 49. *See Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) ("If removal was inappropriate, the court must remand for lack of subject matter jurisdiction, notwithstanding the pendency of other motions.").